NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4772
_____

UNITED STATES OF AMERICA

v.

ARTURO JAIMESPIMENTZ,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-09-cr-00488-003)
District Judge: Honorable Michael M. Baylson

_____

Submitted Under Third Circuit LAR 34.1(a)
July 9, 2012

Before:  RENDELL, SMITH and BARRY, Circuit Judges

(Opinion Filed:  July 19, 2012)

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

     Arturo Jaimespimentz[1] appeals from the District Court's denial of his motion for a

judgment of acquittal on counts of possession with the intent to distribute cocaine and

_____

[1] The indictment lists the defendant's name as Arturo Jaimespimentz.  At trial, however,
defense counsel represented that his correct name is Arturo Jaimes Pimentel.

crack cocaine.[2]  He argues that the Government failed to present evidence sufficient to prove beyond a reasonable doubt that he exerted dominion and control over the drugs seized upon his arrest.  We disagree because a reasonable jury could have concluded that the Government proved Jaimespimentz's physical control over the drugs beyond a reasonable doubt.  Accordingly, we will affirm.

I.

We write principally for the benefit of the parties and therefore recount only those facts essential to our review.

On May 28, 2009, Philadelphia police officers obtained and executed a search warrant for a home at which a confidential informant purchased 28 packets of heroin. Upon entering the residence, they found Jaimespimentz, Luis Perez, and Nelson Acosta around a kitchen table, engaged in a narcotics packaging operation.  Jerry DeJesus— girlfriend of Wilson Castro, the home's primary resident, who was asleep upstairs during the raid[3]—was also in the kitchen, uninvolved in the drug operation.  She later testified that Perez cut the drugs with a razor, Acosta bagged them, and Jaimespimentz counted the finished bags.  According to her testimony, Jaimespimentz moved his hands in a manner indicative of counting and physically touched the drugs.

---

[2] The Government initially filed an appeal challenging the District Court's retroactive application of the Fair Sentencing Act which lowered Jaimespimentz's minimum sentence.  It subsequently withdrew that appeal, such that only this cross-appeal remains.

[3] Earlier that morning, Castro greeted Acosta who arrived from New York to be introduced to drug customers.  Acosta was accompanied by Jaimespimentz, who Castro had never met.  Upon arriving, Acosta took out a bag of cocaine that he and Castro cooked into crack on the stove.  All the while, Jaimespimentz sat on the living room couch, having no conversation with Castro.  Castro, feeling sick, then retired upstairs.

Jaimespimentz attempted to flee through the back door.  The officers apprehended and arrested him, along with the four others.  On the kitchen table, officers found 789 packets of crack, nine packets of cocaine, uncut crack, and numerous empty packets.[4]

On July 21, 2009, Jaimespimentz was indicted on four separate counts: conspiracy to possess with the intent to distribute heroin, cocaine, and crack cocaine, in violation of 21 U.S.C. § 846 (Count One); possession of 50 grams or more of cocaine base ("crack"), in violation of § 841(a)(1) (Count Two); possession of heroin with the intent to distribute, in violation of  § 841(a)(1) (Count Three); and possession of cocaine with the intent to distribute, in violation of § 841(a)(1) (Count Four).[5]  On June 8, 2010, the jury convicted him on Counts One, Two, and Four.

Jaimespimentz subsequently moved for a judgment of acquittal, arguing insufficiency of the evidence.  The District Court granted his motion as to Count One (conspiracy), but denied it as to Counts Two and Four.  This appeal challenges that denial.[6]

II.

We apply "a particularly deferential standard of review when deciding whether a jury verdict rests on legally sufficient evidence.  'It is not for us to weigh the evidence or to determine the credibility of the witnesses.'" *United States v. Dent*, 149 F.3d 180, 187

---

[4] Heroin and paraphernalia for packaging heroin were found under the kitchen sink and in a second floor bedroom.

[5] Counts Two, Three, and Four each included a charge for aiding and abetting as well.

[6] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

(3d Cir. 1998) (citations omitted) (quoting *United States v. Voight*, 89 F.3d 1050, 1080 (3d Cir. 1996)). Rather, we must view the evidence in the light most favorable to the Government, and will sustain the verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Voight*, 89 F.3d at 1080 (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). Thus, "a claim of insufficiency of the evidence places a very high burden on an appellant." *United States v. Gonzales*, 918 F.2d 1129, 1132 (3d Cir. 1990).

The essential elements of possession of a controlled substance with intent to distribute are (1) knowing or intentional possession and (2) intent to distribute. *See* 21 U.S.C. § 841(a)(1). Possession may be actual or constructive. Constructive possession exists if an individual "knowingly has both the power and the intention at a given time to exercise dominion and control over a thing, either directly or through another person or persons." *United States v. Iafelice*, 978 F.2d 92, 96 (3d Cir. 1992). "Such dominion and control need not be exclusive but may be shared with others." *United States v. Davis*, 461 F.2d 1026, 1035 (3d Cir. 1972). However, "mere proximity to the drug, or mere presence on the property where it is located, or mere association with the person who does control the drug or the property, is insufficient to support a finding of possession." *Id.* at 1036. Alternatively, "to convict of aiding and abetting, the government must prove that the defendant in some way associated himself with the venture, that he participated in it as something that he wished to bring about, [and] that he sought by his action to make it succeed." *United States v. Jenkins,* 90 F.3d 814, 821 (3d Cir. 1996) (internal quotation marks and alterations omitted).

Jaimespimentz urges that the evidence was insufficient to prove beyond a reasonable doubt that he exercised dominion and control over drugs seized during the execution of the search warrant. First, he contends that DeJesus's testimony—upon which the Government's case relied heavily—consisted of mere speculation because she did not hear him counting the drugs, see the co-defendants hand him drugs, or observe him placing packets in groups. He also attacks DeJesus's credibility given her relationship with Castro. It is not, however, for us to weigh evidence and consider witness credibility, as Jaimespimentz urges. According to DeJesus's testimony, Jaimespimentz "mov[ed] his hands . . . as if he was counting." When asked if Jaimespimentz physically touched the drugs, she responded, "as far as I know, yes." The jury was aware of DeJesus's limited exposure to the packaging operation and her relationship with Castro, but was nevertheless entitled to credit her testimony. From this testimony, the jury could reasonably have determined that Jaimespimentz exerted dominion and control over the drugs.

Jaimespimentz further submits that his mere presence in the house was insufficient to constitute possession, analogizing his conduct to that found insufficient in *Jenkins*, 90 F.3d at 814, and *United States v. Dunlap*, 28 F.3d 823 (8th Cir. 1994). Again, however, Jaimespimentz underestimates the content of DeJesus's testimony, which established that, unlike the defendants in those two cases, he physically touched the drugs. Although the defendant in *Jenkins* was seated in front of a coffee table with drugs, scales, and other paraphernalia when police arrived, there was no proof that he had physical control over them. 90 F.3d at 820-21. Likewise, in *Dunlap*, although the home in which the

5

defendant was found contained drugs, scales, refining equipment, packaging paraphernalia, and guns, the defendant's mere presence there did not prove constructive possession over the contraband. 28 F.3d at 827. By contrast, Jaimespimentz physically held the drugs while assisting in the packaging activities. Thus, the cases to which he cites do not warrant relief.

Indeed, as the Government points out, a juror could reasonably infer that Jaimespimentz assisted in the packaging operation. He arrived with Acosta, who carried the drugs, and helped count them once packaged for sale. Thus, even if the Government did not prove Jaimespimentz's own exertion of dominion and control over the drugs, its evidence sufficed to prove that he aided and abetted the operation. Proof of aiding and abetting independently supports the convictions Jaimespimentz attacks on appeal.

III.

For the foregoing reasons, we will affirm the order of the District Court.